UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY LAJUAN McCAULEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV1899 HEA ) |
| RICHARD GRAY, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $26, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action against several officials at the St. Louis City Justice Center. He claims that he was denied due process at a disciplinary hearing; that the conditions of the Center are dirty and substandard; that he was denied access to a law library; that he was denied adequate recreation; and that he was not allowed to file grievances.

In his allegations, he alleges that defendants, by their offices, are responsible for these conditions. For example, plaintiff says, "Defendant Glass as Commissioner is responsible for ensuring that prisoners are receiving due process while at CJC/MSI and his actions/inactions failed to prevent the deprivation of Plaintiff's protected liberty interest . . ."

## Discussion

Plaintiff has not adequately alleged each defendants' personal involvement in the deprivation of his constitutional rights. It is not sufficient to say that "defendants" acted badly and caused harm. The complaint must state how each individual defendant contributed to the constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is

2

insufficient to establish the personal involvement required to support liability."). As a result, the complaint fails to state a claim upon which relief can be granted and is subject to dismissal under 28 U.S.C. § 1915(e).

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $26 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must use the form and file an amended complaint within twenty-eight (28) days from the date of this Order

Dated this 22nd day of December, 2015.

*/s/ Henry E. Autrey*
HENRY E. AUTREY
UNITED STATES DISTRICT JUDGE