UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY LAJUAN McCAULEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV1899 HEA |
| RICHARD GRAY, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that several of plaintiff's claims should be dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff alleges that the conditions of confinement at the St. Louis City Justice Center ("SLCJC") and the St. Louis Medium Security Institution ("MSI") violated his rights. He brings this action against several city officials, correctional officers, and Corizon, Inc. He sues defendants in their individual and official capacities.

Plaintiff's allegations are mostly conclusory and do not involve any particular defendant. In general, plaintiff complains that he was placed in overcrowded holding cells; placed in disciplinary segregation without due process, denied access to social services; denied bedding, hot meals, or showers on a short-term basis; exposed to an unsanitary environment; denied hygiene items; subjected to excessive noise and lighting during sleep hours; given a poor diet; denied access to legal materials; and denied adequate recreation. He does not allege that any of the defendants were directly responsible for these conditions. He only claims that they did not respond to his complaints.

Plaintiff alleges that defendants Weber and Fields retaliated against him for filing complaints by transferring him from MSI to SLCJC. Plaintiff says that when he arrived at SLCJC he was denied his medication for four days by several nurses, none of whom are named.

## Discussion

The Court finds that plaintiff's retaliatory transfer claim survives initial review. As a result, the Court will issue process on defendants Weber and Fields in their individual capacities.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is

responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official-capacity claims must be dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Additionally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007). Plaintiff does not allege that any of the remaining defendants were directly responsible for the alleged violations of his rights. As a result, the Court will dismiss each of the remaining individual defendants.

Finally, to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). He does not allege that a Corizon policy led to any medical mistreatment. Therefore, plaintiff's claim against Corizon is frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Jerome Fields and Scott Weber.

**IT IS FURTHER ORDERED** that the official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants Richard Gray, Dale Glass, Richard Carson, Leonard Edwards, Delores Shaw, Michael Opraka, and Terri Coates are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 25th day of February, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE