# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRY McCAULEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:15CV1899 HEA |
| | ) |
| JEROME FIELDS, *et.al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 30]. Plaintiff opposes the motion and has filed a written response thereto, to which Defendant has filed a reply. For the reasons set forth below, the Motion will be granted.

### Facts and Background

Local Rule 7-401(E) provides:

Rule 7 - 4.01 Motions and Memoranda.

(E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed

admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Defendant has, in accordance with the Court's Local Rule, submitted a Statement of Uncontroverted Material Facts, which is supported by references to the record. Although Plaintiff has filed a response to Defendant's Statement, he fails to support his denials with any specific references to admissible evidence in the record. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Defendant's facts are therefore deemed admitted.

Plaintiff alleges in his Amended Complaint that the conditions of confinement at the St. Louis City Justice Center ("SLCJC") and the St. Louis Medium Security Institution ("MSI") violated his rights. He brings this action against correctional officers. He sues defendants in their individual and official capacities.

Plaintiff alleges that defendants[1] retaliated against him pursuant to 42 U.S.C. § 1983 for filing complaints by transferring him from MSI to SLCJC.

---

[1] Defendant Weber has filed a Notice of Death, [Doc. No. 42] wherein he advises the Court that Defendant Fields has died. Because 42 U.S.C. § 1983 "does not deal expressly with the question of survivorship," federal courts look to state law in determining whether § 1983 claims against an official in his individual capacity survive the death of a defendant, provided that state law is not inconsistent with federal law. *Pritchard v. Smith,* 289 F.2d 153, 155–59 (8th Cir.1961) (citing 42 U.S.C. § 1988); *see Moor v. County of Alameda,* 411 U.S. 693, 702 n. 14 (1973) (citing *Pritchard* and stating "it has been held that pursuant to § 1988[,] state survivorship statutes ... may be used in the context of actions brought under § 1983"); *White v. Walsh,* 649 F.2d 560, 562 n. 4 (8th Cir.1981) ("It is a matter well decided that state survivorship statutes that

At all relevant times Weber was a constituency services officer with the City of St. Louis Division of Corrections ("Division"). In that position Weber was responsible for responding to informal resolution requests and formal grievances submitted by inmates in the custody of the Division. Weber was assigned to and worked in the Constituency Services Unit ("CSU") at the Division's Medium Security Institution ("MSI"). MSI is one of two jails operated by the Division. The other is the St. Louis City Justice Center ("SLCJC"). MSI is a medium security detention facility and SLCJC is a maximum security detention facility. Fields was the Unit Manager at MSI.

An inmate's "custody level" is the level of supervision and security an inmate requires, and it affects whether the inmate is held at MSI or SLCJC. Inmate custody level assessment and the determination of whether an inmate will be

---

reverse the general common law rule that abates causes of action properly apply in a § 1983 context.").

In *Pritchard,* the Eighth Circuit specifically ruled that a plaintiff's civil rights claim survives the death of a defendant under Arkansas law. *Pritchard,* 289 F.2d at 158–59. *Accord White,* 649 F.2d at 562 n. 4 (citing *Pritchard* and applying Missouri survival law to a suit against a deceased defendant accused of conspiring with others to violate plaintiff's right to a fair trial); *Pritchard v. Downie,* 326 F.2d 323, 324 n. 1 (8th Cir.1964) (noting that the Court previously held that plaintiff's civil rights causes of action survived after defendant police chief's death and that estate administrator should be substituted as defendant).

Where a claim is not extinguished by a party's death, substitution of the proper party may be ordered upon "motion for substitution ... by any party or by the decedent's successor or representative." Fed.R.Civ.P. 25(a)(1). The motion for substitution must be made within ninety days after service of the notice of death or "the action ... against the decedent must be dismissed." *Id.*

Considering that this case does not survive the motion for summary judgment, the Court will not require the substitution of Defendant Fields with his estate.

assigned to MSI or the St. Louis City Justice Center ("SLCJC") is the responsibility of Classification Manager Warren Thomas. Fields did not have the authority to change an inmate's custody level and did not have the authority to transfer an inmate from MSI to SLCJC. Weber does not have the authority to transfer inmates from MSI to SLCJC.

During his initial intake process, Plaintiff was not asked whether or not he was on probation/parole supervision.

On July 23, 2014, Plaintiff was transferred to MSI. On July 28, 2014, parole officer Angela Laster faxed a Missouri Department of Corrections Board of Probation and Parole Warrant to the City of St. Louis Sheriff's Department. An officer of the Sheriff's Department added a "parole hold" to the Division's electronic Integrated Jail Management System ("IJMS").

On June 15, 2015, Weber received a letter from Plaintiff that complained of, among other things, the conditions at MSI. On June 22, 2015, Weber met with Plaintiff in his office to discuss Plaintiff's complaints and orally responded to Plaintiff's various complaints.

Every time Weber meets with an inmate he reviews that inmate's profile on IJMS. IJMS profiles contain identifying information, inmate arrest and charge information, inmate cell history information, and an inmate journal history. Weber was trained and directed to review inmate charge information every time he met

4

with an inmate. While meeting with Plaintiff on June 22, 2015, Weber reviewed his IJMS profile and learned that Plaintiff had a "parole violation" listed in his IJMS profile. It is the Division's policy that the Classification Manager be notified when any staff member authorized to access inmate charge information through IJMS learns that an inmate held at MSI has been charged with a parole violation. Weber understood that inmates with parole violations should be held at SLCJC and brought Plaintiff's parole violation to the attention of Fields.

After Weber notified Fields that Plaintiff had a parole violation listed in his IJMS profile, Fields notified Classification Manager Warren Thomas. Thomas made the decision to transfer Plaintiff and, on June 23, 2015, Plaintiff was transferred to SLCJC. Plaintiff was transferred because of his parole violation charge. Whenever Classification Manager Warren Thomas learns that an inmate at MSI has been charged with a parole violation, that inmate is transferred to SLCJC.

Aside from investigating and responding to Plaintiff's complaints, none of the actions Weber took had anything to do with the fact that Plaintiff had complained and none of the actions Weber took were in retaliation for Plaintiff's complaints. None of the actions Fields took had anything to do with the fact that Plaintiff had complained and none of the actions Fields took were in retaliation for Plaintiff's complaints. Neither Weber nor Fields knew Plaintiff had been charged with a parole violation prior to June 22, 2015. No one ever told Plaintiff he was

transferred because he complained. Plaintiff never had any personal interaction with Fields.

## Standard of Review

The Court may grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex,* 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the mere existence of some alleged factual dispute. *Anderson,* 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson,* 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences

are to be drawn in its favor. *Anderson,* 477 U.S. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Id.* at 249.

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.

In order to survive a motion for summary judgment, "the nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy.'" *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733–34 (8th Cir. 2003)) (internal quotation marks omitted).

## Discussion

Plaintiff brought this action based on his belief that he was transferred to SLCJC in retaliation for complaining about the conditions of MCI.

> In order to demonstrate retaliation in violation of the First Amendment under 42 U.S.C. § 1983, Spencer must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz,* 382 F.3d 870, 876 (8th

Cir.2004) (citing *Naucke v. City of Park Hills,* 284 F.3d 923, 927–28 (8th Cir.2002)). The retaliatory conduct itself need not be a constitutional violation; the violation is acting in retaliation for "the exercise of a constitutionally protected right." *Cody v. Weber,* 256 F.3d 764, 771 (8th Cir.2001) (citing *Madewell v. Roberts,* 909 F.2d 1203, 1206–07 (8th Cir.1990)).

*Spencer v. Jackson Cty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013).

To prevail on a retaliation transfer claim, a prisoner must show that retaliation was the "actual motivating factor" for adverse treatment and that the adverse action would not have occurred "but for a retaliatory motive." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007); *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009). Importantly, a prisoner cannot prevail if adverse action was taken for both a legitimate reason and for retaliatory reason. *Id.; Webb v. Hedrick*, Case No. 09–2896, 2010 WL 4366438, *1 (8th Cir. Nov. 5, 2010) (unpublished opinion) (explaining that a prisoner cannot prevail "if retaliation was one factor" in the defendants' decision); *Ponchik v. Bogan*, 929 F.3d 419, 420 (8th Cir. 1991) (rejecting a retaliation claim where retaliation was only one of the factors leading to the inmate's transfer). A finding that a disciplinary action is based on some evidence of a violation "essentially checkmates" a retaliation claim. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584 (1995). "A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an

impartial decision-maker." *Cole v. Norris*, No. 2:08CV00056-WRW, 2008 WL 4949283 (E.D. Ark.) (quoting *Hartsfield v. Nichols*, 411 F.3d 826, 831 (8th Cir. 2008)). See also, *Hamner v. Kelley*, No. 5:16-CV-369-JLH-BD, 2017 WL 6993041, at *2 (E.D. Ark. Dec. 19, 2017), *report and recommendation adopted*, No. 5:16-CV-369 JLH-BD, 2018 WL 475007 (E.D. Ark. Jan. 18, 2018).

Although Plaintiff argues that Defendants must have known of the parole violation, and therefore transferred him because of it, the record establishes that neither Defendant knew of the parole violation before June 22, 2015. Weber learned of the violation during his meeting with Plaintiff, and then notified Fields. Fields then notified Classification Manager Warren Thomas. Thomas made the decision to transfer Plaintiff to SLCJC because, pursuant to Division Policy, inmates with parole violation charges are to be held at SLCJC.

Plaintiff has failed to present any evidence whatsoever that either Defendant was responsible for the transfer, or that either Defendant facilitated the transfer *because* Plaintiff complained of the conditions of MSI. Indeed, Defendants have established that Plaintiff was transferred for a legitimate reason and in accordance with the Division policy. Defendants are entitled to judgment as a matter of law.

## Conclusion

Based upon the foregoing analysis, the record clearly establishes that there are no genuine disputes as to any material facts.

9

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc No. 30], is **GRANTED.**

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of March, 2018.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE